# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| Portland Hunt-Alpine Club, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Mowi ASA (f/k/a Marine Harvest ASA), Marine Harvest USA, LLC, Marine Harvest Canada, Inc., Ducktrap River of Maine LLC, Grieg Seafood ASA, Grieg Seafood BC Ltd., Ocean Quality AS, Ocean Quality North America Inc., Ocean Quality USA Inc., Ocean Quality Premium Brands, Inc., SalMar ASA, Leroy Seafood Group ASA, Leroy Seafood USA Inc., and Scottish Sea Farms Ltd.,<br><br>Defendants. | Case No. 2:19-cv-00446-JAW |
| Prime Steakhouse, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Mowi ASA (f/k/a Marines Harvest ASA), Marine Harvest USA, LLC, Marine Harvest Canada, Inc., Ducktrap River of Maine LLC, Grieg Seafood ASA, Grieg Seafood BC Ltd., Ocean Quality AS, Ocean Quality North America Inc., Ocean Quality USA Inc., Ocean Quality Premium Brands, Inc., SalMar ASA, Leroy Seafood Group ASA, Leroy Seafood USA Inc., and Scottish Sea Farms Ltd.,<br><br>Defendants. | Case No. 2:19-cv-00207-JAW |

**COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINITIFFS'
MOTION TO APPOINT COTCHETT, PITRE & MCCARTHY; CUNEO GILBERT &
LADUCA, LLP; AND GUSTAFSON GLUEK PLLC INTERIM LEAD COUNSEL AND
MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure ("Rule") 23(g), Cotchett, Pitre & McCarthy, LLP ("CPM"), Cuneo Gilbert & LaDuca, LLP (the "Cuneo Firm"), and Gustafson Gluek PLLC (together, "Moving Firms") hereby move the Court for an order appointing them as Interim Lead Class Counsel for the Proposed Commercial and Institutional Indirect Purchaser Plaintiff Class and establishing a Plaintiffs' Executive Committee consisting of the following law firms: the Barrett Law Group, P.A. and Larson King, LLP.

## I.      INTRODUCTION

Under the Manual for Complex Litigation, the primary consideration in appointing leadership in a complex action "is achieving efficiency and economy without jeopardizing fairness to the parties." *Manual for Complex Litig.* § 10.221 (4th ed. 2004). The leadership structure proposed herein best satisfies this consideration, as the proposed firms have vast experience representing indirect purchasers in complex antitrust actions.

The Moving Firms are three of the nation's leading law firms practicing complex litigation and have recovered substantial damages and settlements for injured plaintiffs. *See* Declaration of Adam J. Zapala ("Zapala Decl."), Exhibit A ("CPM Bio"); Declaration of Jonathan Cuneo ("Cuneo Decl."), Exhibit A ("CGL Resume"); Declaration of Daniel C. Hedlund ("Hedlund Decl."), Exhibit A ("Gustafson Gluek Resume"). As explained in detail below, the Moving Firms' lawyers satisfy the factors outlined in Federal Rule of Civil Procedure ("Rule") 23(g).

## II.     ARGUMENT

Rule 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3);

*see also In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.,* 252 F.R.D. 66, 67 (D. Me. 2008). The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litig.* § 21.11 (4th ed. 2004). "In considering a motion to appoint interim lead class counsel, a court should consider who will best represent the interests of the class, and who is best able to accomplish the class action goals of efficiency and economy in doing so." *See Coleman v. Gen. Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004).

Rule 23(g) sets forth four considerations for the appointment of interim lead class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed R. Civ. P. 23(g)(1)(A)(i)-(iv). No single factor is determinative; all factors must be weighed to determine who can best represent the class. *See* Advisory Committee Notes (2003 Amendments).

As provided below, each criterion supports the Moving Firms' proposed leadership structure. In particular, the Moving Firms' immense experience in leadership roles in many of the largest indirect purchaser antitrust class actions ever brought in the United States will allow them to best serve the interests of the class and efficiently and effectively pursue this matter.  *See* Zapala Decl.; Hedlund Decl.; Cuneo Decl.

### A.     The Moving Firms Thoroughly Investigated the Misconduct Alleged in this Action (Fed. R. Civ. P. 23(g)(1)(A)(i))

Before filing this case, the Moving Firms comprehensively researched the alleged misconduct giving rise to Commercial and Institutional Indirect Purchaser Plaintiffs' claims, the

farm-raised salmon industry, and studied the potential injury and damages Defendants' alleged conduct caused.  Cuneo Decl. ¶ 7. The Moving Firms have devoted substantial resources—both in time and money—to investigate the allegations in the complaints and will devote all necessary resources to achieve a successful outcome, whether by settlement or judgment.  The Moving Firms were also the first firms to file an indirect purchaser action regarding price-fixing in the Salmon industry.

### B.    Knowledge and Experience in Prosecuting Complex Litigation (Fed. R. Civ. P. 23(g)(1)(A)(ii))

In selecting lead counsel:

> [T]he "guiding principle" is who will best serve the interest of the plaintiffs. The criteria for selecting counsel include factors such as experience and prior success record, the number, size, and extent of involvement of represented litigants, the advanced stage of the proceedings in a particular suit, and the nature of the causes of action alleged.

*Millman v. Brinkley*, No. 1:03-cv-3831-WSD, 2004 U.S. Dist. LEXIS 20113, at *9 (N.D. Ga. Oct. 1, 2004) (quoting Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 9.35 at 388 (4th ed. 2002)). Each of these factors weighs in favor of approving the Moving Firms' motion to serve as Interim Lead Class Counsel, as each firm has substantial experience litigating complex antitrust class actions and serving in leadership positions therein.

CPM's extensive experience with complex antitrust class actions makes it well-qualified to serve as interim lead counsel. As one of the foremost firms engaged in indirect purchaser actions in the United States, CPM has served in a variety of leadership positions in a vast number of such cases.[1]  Zapala Decl. ¶¶ 6-10, 12, 23, 27. Of particular relevance is CPM's work in *In re Broiler*

---

[1] *In re Automotive Parts Antitrust Litigation,* 2:12-md-02311 (E.D. Mich.) ("*Auto Parts*") (appointed co-lead counsel*); In re Capacitors Antitrust Litigation,* Case No. 3:14-cv-03264-JST (N.D. Cal.) ("*Capacitors*") (appointed sole lead counsel); *In re Resistors Antitrust Litigation,* Case No. 5:15-cv-03820-RMW (N.D. Cal.) ("*Resistors*") (appointed sole lead counsel); *In re Lithium Ion Batteries Antitrust Litigation,* Case No. 4:13-md-02424 (N.D. Cal.) ("*Lithium Ion Batteries*") (appointed sole lead counsel); *In re Generic Pharmaceuticals Pricing Antitrust Litigation,* MDL No. 2724 (E.D. Pa.) (appointed to the steering committee); *In re Broiler Chicken Antitrust Litigation,* Case No.

3

*Chicken Antitrust Litigation,* Case No. 1:16-cv-08637 (N.D. Ill.) ("*Broilers*")—a large price-fixing action involving multiple levels of the distribution chain—where it serves as co-lead counsel and represents commercial and institutional indirect purchasers who allege a price-fixing conspiracy among suppliers of broiler chickens.  Zapala Decl. ¶ 6. CPM serves in this role along with Gustafson Gluek, another proposed lead counsel in this action.

Additionally, CPM has successfully obtained substantial recoveries on behalf of indirect purchasers in cases involving the myriad complex issues often involved in such cases. As co-lead counsel in *Auto Parts*, one of the largest price-fixing cases ever, CPM helped the end-payor class recover over $1.1 billion and was recently presented with the American Antitrust Institute's ("AAI") prestigious award for litigation of the year for its work in the case.  Zapala Decl. ¶ 7. In *Capacitors*, *Resistors*, and *Lithium Ion Batteries*, CPM secured settlements totaling approximately $226 million collectively.  Zapala Decl. ¶¶ 8-10. In addition to indirect purchaser cases, CPM has successfully represented direct purchasers in complex antitrust actions as well.[2]  Zapala Decl. ¶¶ 14, 16, 18, 21, 25, 26.

Like the lawyers at CPM, Mr. Cuneo and his firm possess substantial experience prosecuting price-fixing involving indirect purchasers, including in the seafood and auto parts industries. Mr. Cuneo is the sole court-appointed lead counsel for a class of commercial food preparer plaintiffs in *In re Packaged Seafood Products Antitrust Litig.*, Case No. 3:15-md-02670-

---

1:16-cv-08637 (N.D. Ill.) (appointed co-lead class counsel, along with Gustafson Gluek); *In re Parking Heaters Antitrust Litigation,* Case No. 1:15-mc-00940-JG-JO (E.D.N.Y.) (appointed liaison counsel); *In re Methionine Antitrust Litigation*, Case No. 00-1311 CRB (N.D. Cal.) (appointed co-lead counsel).

[2] *In re Domestic Airline Travel Antitrust Litigation*, Case No. 15-1404 (CCK) (MDL No. 2656 (D. D.C.) (thus far recovering $60 million); *In re Transpacific Passenger Air Transportation Antitrust Litigation*, 3:07-cv-05634 (N.D. Cal.) (recovering over $140 million); *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 4:07-cv-05944-JST (N.D. Cal.); *In re Optical Disk Drive Antitrust Litigation*, 3:10-md-02143-RS (N.D. Cal.) (achieving $74,750,000 in settlements); *In re Dynamic Random Access Memory (DRAM II) Antitrust Litigation*, Case No. 4:18-cv-03805 (N.D. Cal.); *Precision Associates v. Panalpina*, No. 08-0042 JG (E.D.N.Y.) ("*Freight Forwarders*") (serving as lead counsel with Gustafson Gluek and securing more than $400 million for the class).

JLS-MDD (S.D. Cal.) ("*Packaged Seafood*").   Cuneo Decl. ¶ 6. In *Packaged Seafood*, the commercial food preparer plaintiffs allege the existence of a price-fixing conspiracy among leading packaged tuna manufacturers.  Cuneo Decl. ¶ 6. The Court in *Packaged Seafood* recently issued an order granting certification of a class of commercial food preparer indirect purchasers. *See* Order Granting Motions for Class Certification, *In re Packaged Seafood Prods. Antitrust Litig.*, Case No. 3:15-md-2670-JLS-MDD, ECF No. 1931.

As co-lead counsel in *Auto Parts*, Mr. Cuneo, and proposed Executive Committee members Shawn Raiter (Larson King, LLP) and Don Barrett (the Barrett Law Group, P.A.), helped automobile dealership indirect plaintiffs and class members recover over $400 million in settlements.  Cuneo Decl. ¶ 4. Mr. Cuneo and his firm have subsequently led other indirect purchaser actions on behalf of commercial, intermediate-level purchasers.[3]  Cuneo Decl. ¶ 5.

Gustafson Gluek PLLC is a Minneapolis-based law firm with a national practice, and an emphasis on antitrust, consumer protection, and class action litigation. Since its founding, Gustafson Gluek has worked with and opposed some of the nation's largest companies and law firms obtaining multi-million-dollar victories and critical injunctive relief for millions of class members. The firm's fourteen members have over two-hundred years of experience in cases of the type at issue here, and the firm and its members have served in leadership roles in numerous complex class actions over the years.[4]  Hedlund Decl. ¶ 8. Gustafson Gluek and senior partner

---

[3] *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, MDL No. 2724 (E.D. Pa.) (representing a putative class of indirect purchaser pharmacy resellers bringing indirect purchaser actions against drug manufacturers); *In re Pork Antitrust Litig.*, Case No. 18-1776-JRT-HB (D. Minn.) (co-lead counsel for a putative class of commercial and institutional indirect purchasers).

[4] *In re Syngenta Litig.*, No: 27-CV-15-3785 (Minn. Dist. Ct.) (MN) (MDL 2591) (co-lead counsel in state court action representing a class of Minnesota corn farmers and one of four counsel selected as settlement counsel, resulting in a proposed settlement of $1.51 billion); *Precision Associates v. Panalpina World Transp. (Holding) Ltd.*, No. 08-CV-42 JG VVP (E.D.N.Y.) (Co-Lead counsel in international antitrust class action with CPM and recovering over $400 million for the class); *In Re Medtronic, Inc. Implantable Defibrillators Products Liability Litig.*, MDL No. 1726 (D. Minn.) (co-lead counsel recovering nearly $100 million on behalf of plaintiffs); *In Re: Medtronic, Inc., Sprint*

Dan Hedlund have played a significant role in these matters, including serving as lead counsel or on executive committees in a number of high-profile complex actions.[5]  Hedlund Decl. ¶ 10.

The proposed Executive Committee firms also possess significant and beneficial experience, and could easily serve as Lead Counsel in their own right. The Barrett Law Group, P.A. has served as co-lead counsel with Mr. Cuneo in *In re Automotive Parts Antitrust Litigation*, 2:12-md-02311 (E.D. Mich.) and has joined with other firms across the country in suing several brand name pharmaceutical manufacturers for engaging in anti-competitive conduct. Barrett Law Group has also represented the State of Mississippi in its effort to recover monies lost by Mississippi consumers, and by the state itself, as a result of an alleged price-fixing conspiracy among infant formula manufacturers. In addition, the firm has served as co-counsel for plaintiffs in thirteen state court actions involving this same price-fixing conspiracy. *See* Affidavit of John W. (Don) Barrett.

Larson King, LLP has also served as co-lead counsel with Mr. Cuneo in antitrust actions like *In re Automotive Parts Antitrust Litigation*, 2:12-md-02311 (E.D. Mich.), *In re Vehicle Carrier Service Antitrust* Litigation, Case No. 13-cv-3306 (MDL No. 2471) (D. N.J.), and *In re*

---

*Fidelis Leads Products Liability Litig.*, MDL No. 1905 (D. Minn.) (as sole Lead counsel, negotiated $268 million settlement on behalf of over 14,000 individual plaintiffs).

[5] *In re Broiler Chicken Antitrust Litig.*, 16-cv-8637 (N.D. Ill.) (appointed co-lead counsel); *In re Pork Antitrust Litigation*, 18-cv-01776 (D. Minn.) (appointed co-lead counsel); *In re Interior Molded Doors Indirect Purchaser Antitrust Litig.*, 3:18-cv-00850 (E.D. Va.) (appointed co-lead counsel); *In re Automotive Parts Antitrust Litigation*, 2:12-md-02311 (E.D. Mich) (firm worked closely with Lead Counsel CPM and Mr. Zapala); *In re: Dealer Management Systems Antitrust Litig.*, MDL No. 2817 (N.D. Ill.) (personally appointed to Plaintiffs' Steering Committee); *Bhatia v. 3M Co.*, 16-cv-1304 (D. Minn.) (personally appointed co-lead counsel); *In re: CenturyLink Residential Customer Billing Disputes Litig.*, MDL No. 17-2795 (D. Minn.) (appointed Executive Committee Chair); *In re Disposable Contact Lens Antitrust Litig.*, MDL No. 2626 (M.D. Fla.) (Defendant discovery team leader); *Kleen Products vs. Int'l. Paper*, 10-cv-5711 (N.D. Ill.) (Defendant discovery team leader); *The Shane Group, Inc., et al., v. Blue Cross Blue Shield of Michigan*, 10-cv-14360 (E.D. Mich.) (appointed co-lead counsel); *In re Vitamin C Antitrust Litig.*, MDL No. 1738 (E.D.N.Y.) (appointed co-lead counsel); *In re DRAM Antitrust Litig.*, MDL No. 1486 (appointed co-lead counsel), *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 07-1827 (N.D. Cal.) (representing indirect purchasers in recovering $1.2 billion for plaintiffs), *In re Capacitors Antitrust Litigation*, MDL No. 2801 (N.D. Cal.) (worked closely with Lead Counsel CPM in recovering over $80 million in settlements); *In re Resistors Antitrust Litigation*, 3:15-cv-03820 (N.D. Cal.) (worked closely with Lead Counsel CPM in recovering $33.4 million in settlements). Hedlund Decl. ¶ 10.

*Pork Antitrust Litig.*, Case No. 18-1776-JRT-HB (D. Minn.). The firm has also been involved with other antitrust actions and served as counsel in dozens of class actions. *See* Declaration of Shawn Raiter.

This vast array of experience has afforded the Moving and proposed Executive Committee Firms with invaluable knowledge and expertise. The Moving Firms have amassed insight into the nuances of managing complex cases, particularly those with foreign defendants. They have successfully addressed arguments and issues likely to be raised in motions to dismiss, conducted extensive discovery of defendant entities, successfully moved for class certification utilizing econometric and statistical techniques to measure antitrust impact, and negotiated large recoveries for injured plaintiffs. Consequently, the Moving Firms' can efficiently and effectively manage this complex action and are thus well-situated to serve as Interim Lead Class Counsel.

### C.      The Moving Firms Have Substantial Knowledge of Antitrust Law (Fed. R. Civ. P. 23(g)(1)(A)(iii))

The Moving Firms have extensive experience in litigating antitrust cases. CPM has been at the forefront of antitrust enforcement, successfully leading the prosecution of antitrust cases in markets including consumer electronics, air transportation, cargo and logistics, energy and natural gas, financial markets, automobiles, and office equipment. The firm's extensive experience includes cases in courts around the country, including the Eastern District of Michigan, the Southern District of New York, the Eastern District of New York, the Northern District of Illinois, the District of New Jersey, the District of Delaware, and California state and federal courts.

Experience in the aforementioned antitrust actions has afforded CPM considerable knowledge and insight into antitrust law. In litigating cases like *Capacitors, Resistors, Lithium Batteries, and Auto Parts*, CPM has faced a number of nuanced antitrust issues, including the unique challenge of conducting discovery against foreign defendants. CPM has also encountered

the novel issue of reconciling the laws of the United States with those of a foreign country. In 2008, CPM finalized a settlement of over $200 million in *In re International Air Transportation Surcharge Antitrust Litigation*, an MDL class action challenging the price-fixing of air passenger ticket between the U.S. and the U.K. where CPM served as co-lead counsel. Zapala Decl. ¶ 17. This case involved the intersection of U.S. and U.K. antitrust law and CPM is one of the few firms with experience in addressing and resolving these complex issues.

Mr. Cuneo's experience affords him substantial insight into antitrust law. He previously worked as an attorney in the Office of the General Counsel of the Federal Trade Commission and as counsel to the Subcommittee on Monopolies and Commercial law of the U.S. House of Representative's Committee on the Judiciary. Cuneo Decl. ¶¶ 14-15. Mr. Cuneo has also served as General Counsel and Legislative Representative of the Committee to Support the Antitrust Laws. He is also the co-editor of a textbook, THE INTERNATIONAL HANDBOOK OF PRIVATE ENFORCEMENT OF COMPETITION LAW (Edward Elgar Publishing Inc., 2010). Cuneo Decl. ¶ 18. Recently, Mr. Cuneo was honored by AAI with the Alfred E. Kahn Award for Antitrust Achievement, an award recognizing individuals who have contributed greatly in the field of antitrust. Cuneo Decl. ¶ 17.

Over the last twenty-plus years, Dan Hedlund has worked on numerous complex antitrust class actions seeking injunctive and monetary relief for small businesses and consumers. He is an advisory board member to AAI, a past president of the Committee to Support Antitrust Laws, and a past Chair of the Minnesota Bar Association's Antitrust Council. He has been named a "Super Lawyer" by Minnesota Law & Politics from 2013-2019 and a top 100 lawyer in 2015 and 2017-2019. In 2011, he received a Distinguished Pro Bono Service Award from the Minnesota District Court for his work with the *Pro Se* Project. Hedlund Decl. ¶ 11. In addition to presenting at CLEs,

Mr. Hedlund has testified multiple times before the Minnesota legislature on competition law, and before the Federal Rules Committee.  He is a co-author of the "Plaintiff Overview" in Private Antitrust Litigation 2015 – Getting the Deal Through, and a contributor to Concurrent Antitrust Criminal and Civil Procedure 2013 – American Bar Association.  Hedlund Decl. ¶ 12.

Gustafson Gluek prides itself on being a diverse group of problem solvers that can tackle any issue. Its team is comprised of 9 female and 10 male attorneys—all from a variety of cultures, backgrounds, and life experiences that bring new perspectives to its work. Not only is diversity within the firm important to Gustafson Gluek, but so too is being an advocate for the underrepresented. Gustafson Gluek was one of four firms, working in conjunction with then Chief U.S. District Judge Michael Davis, to found the *Pro Se* Project, a collaboration between the Minnesota District Court and the Minnesota Chapter of the Federal Bar Association, which pairs indigent federal litigants with attorneys in federal courts in Minnesota. For its work on the *Pro Se* Project, the firm was honored with the "Distinguished Pro Bono Service Award" for "rising to the Court's challenge of bringing the idea of the *Pro Se* Project to fruition and nurturing the Project into its current form."

> **D.     The Moving Firms are Willing and Able to Commit Resources to Represent the Proposed Commercial and Institutional Indirect Purchaser Plaintiff Class (Fed. R. Civ. P. 23(g)(1)(A)(iv))**

The Moving Firms and the proposed Executive Committee Firms have the resources and experience to litigate complex cases of this magnitude and, as history has demonstrated, are committed to expending the time, energy and financial resources necessary to lead this litigation in the best interests of the proposed class. The Moving Firms and Plaintiffs' Executive Committee Firms' have a sufficient number of attorneys and other professionals to staff this case, and have successfully managed complex, resource-intensive cases in the past. The Moving Firms' and the

proposed Executive Committee Firms' attorney and paralegal resources will ensure that the case will be staffed appropriately and efficiently so that senior attorneys are not performing junior attorney work, junior attorneys will work at their level and will not spend too much time on a task, and no attorneys will perform paralegal work. In successfully prosecuting class actions, the Moving Firms routinely advance the costs of litigation and have demonstrated an ability and willingness to dedicate their substantial financial resources to vigorously prosecute the claims of proposed class members. The Moving Firms and the Executive Committee Firms are prepared to continue to commit the resources necessary to effectively and vigorously prosecute this case to a successful conclusion.  Zapala Decl. ¶ 35; Cuneo Decl. ¶ 22; Hedlund Decl. ¶ 14.

      **E.**    **Ability to Work Cooperatively With Others**

The Moving Firms have the ability and willingness to work cooperatively with other law firms, including other plaintiffs' lawyers that file complaints in Maine, or elsewhere, and defense counsel in this case. The Moving Firms understand that professional and courteous relations amongst joint counsel, as well as between opposing counsel, are essential to the conduct and management of complex litigation such as this one. This is reflected by the fact that all firms named on both complaints support the Moving Firms' appointment as Interim Lead Class Counsel.  Cuneo Decl. ¶ 2.

## III.    CONCLUSION

For the foregoing reasons, Cotchett, Pitre & McCarthy, LLP, Cuneo Gilbert & LaDuca, LLP. and Gustafson Gluek PLLC meet the criteria set forth in Rule 23(g) and respectfully request appointment as Interim Lead Counsel for the Commercial and Institutional Indirect Purchaser Plaintiff Class in this litigation.   Additionally, the Moving Firms request appointment of the Barrett Law Group, P.A. and Larson King, LLP as members of the Plaintiffs' Executive Committee.

DATED: December 5, 2019                    Respectfully Submitted,

                                           /s/ *Adam J. Zapala*
                                           Adam J. Zapala (*pro hac vice*)
                                           **COTCHETT, PITRE & McCARTHY, LLP**
                                           San Francisco Airport Office Center
                                           840 Malcolm Road, Suite 200
                                           Burlingame, CA 94010
                                           Telephone: (650) 697-6000
                                           Facsimile: (650) 697-0577
                                           azapala@cpmlegal.com

                                           /s/ *Taylor Asen*
                                           Taylor Asen
                                           **BERMAN & SIMMONS**
                                           129 Lisbon Street
                                           Lewiston, Maine 04240
                                           Telephone: (207) 560-0692
                                           tasen@bermansimmons.com

                                           /s/ *Jonathan W. Cuneo*
                                           Jonathan Cuneo (*pro hac vice*)
                                           Blaine Finley (*pro hac vice*)
                                           Daniel M. Cohen (*pro hac vice*)
                                           **CUNEO GILBERT & LADUCA, LLP**
                                           4725 Wisconsin Ave., NW
                                           Suite 200
                                           Washington, DC 20016
                                           Telephone: (202) 789-3960
                                           Facsimile: (202) 789-1813
                                           jonc@cuneolaw.com
                                           bfinley@cuneolaw.com
                                           danielc@cuneolaw.com

                                           /s/ *Daniel C. Hedlund*
                                           Daniel C. Hedlund (*pro hac vice*)
                                           Michelle J. Looby (*pro hac vice*)
                                           **GUSTAFSON GLUEK PLLC**
                                           Canadian Pacific Plaza, Suite 2600
                                           120 South Sixth Street
                                           Minneapolis, MN 55402
                                           Telephone: (612) 333-8844
                                           dhedlund@gustafsongluek.com
                                           mlooby@gustafsongluek.com

/s/ *David McMullan*
David McMullan (*pro hac vice*)
Don Barrett (to apply *pro hac vice*)
Katherine B. Riley (to apply *pro hac vice*)
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
dmcmullan@barrettlawgroup.com
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com

/s/ *Shawn M. Raiter*
Shawn M. Raiter (to apply *pro hac vice*)
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6518
sraiter@larsonking.com

*Counsel for Plaintiffs Portland Hunt-Alpine
Club, LLC and Prime Steakhouse*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of December 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

<u>/s/ *Adam J. Zapala*</u>
Adam J. Zapala (*pro hac vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com